**CERTAIN PARCELS OF LAND IN CITY OF PHILADELPHIA, PHILADELPHIA COUNTY, PA., et al. v. UNITED STATES.**

No. 3100.

District Court, E. D. Pennsylvania.

Sept. 19, 1944.

Wolf, Block, Schorr & Solis-Cohen, by Morris Wolf, all of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Dist. Atty., C. James Todaro, Sp. Asst. to Atty. Gen., and Charles M. Irelan, Atty. Department of Justice, of Washington, D. C., for defendant.

GANEY, District Judge.

This is a motion for a new trial. The plaintiff, the Pep Boys, Manny, Moe and Jack, were the owners of premises at Tenth and Summerville Avenue, in the City of Philadelphia, which was used as a warehouse for the storage of their merchandize used in the transaction of their business, and for office purposes. On April 1, 1943, the property was condemned by the government and the matter tried on the 18th day of February, 1944, and a verdict rendered in favor of the plaintiff in the amount of Three Hundred Fifty Thousand Dollars ($350,000).

Stated simply, the plaintiff's motion is to the exclusion of certain testimony offered by it, to show the cost of removal of their inventory and certain shelving which had been set up in the structure. It is the contention of the plaintiff that the Court should have permitted the introduction of the evidence of the cost of removal as a consideration in the determination of the market

value of the property. A further ground of the motion is the court's refusal to admit as an item to which the plaintiff allege they were entitled, unpaid taxes for the year 1943, which were due and owing at the time the building was condemned, to wit: April 1, 1943.

With respect to the first question involved as to whether or not the plaintiff should have been permitted to show the cost of removal, while not entirely free from difficulty, I think is not well taken.

The government here took the fee simple in the property and the only question before the Court and jury was the fair market value of the condemned property as of April 1, 1943. Such market value was neither increased nor diminished by the expenses to which the Pep Boys were subject to in moving away from their plant. Numerous cases are in accordance with this view. Joslin Manufacturing Company v. City of Providence, 262 U.S. 668, 675, 43 S.Ct. 684, 67 L. Ed. 1167; Potomac Electric Power Co. v. United States, 66 App.D.C. 77, 85 F.2d 243, 249; Futrovsky, et al. v. United States, 62 App.D.C. 235, 66 F.2d 215.

In addition it might be stated that recourse to the debate on the passage of the second War Powers Act of March 27, 1942, 50 U.S.C.A. Appendix § 631 et seq., which gives authority for such condemnation as is here under discussion, shows that at least two amendments were offered, attempting to introduce under broad language the allowance of special items of damage, under which might be construed cost of removal. The defeat of both of these amendments seems to me to evidence a clear intent on the part of the Congress not to depart from the firmly fixed rule which is "just compensation" measured by the market value of the property taken. Accordingly, the plaintiff is entitled to no more than this because certain expenses consequent to the moving of the business to another place were incurred.

Counsel for the plaintiff have cited the recent case of General Motors Corp. v. United States, 7 Cir., 140 F.2d 873, as being in support of their contention. In that instance the use condemned was for a period of one year out of an unexpired lease of approximately six years, and the court there held that the defendant was entitled to prove as an element of "just compensation," the actual and necessary expenses directly incurred in vacating the property condemned. In a strong dissenting opinion, however, it is stated that the majority conceded that the government would not have to pay the appellant's moving expenses if the fee had been condemned, as in the instant case. Further, the factual bases are very much different in that much of the property in the General Motors Corp. v. United States case, supra, could not be moved and had to be abolished, whereas in the instant case it was easily removed, the shelving not being permanently attached to the structure itself, and the inventory being easily removed. Further, in General Motors Corp. v. United States, supra, a portion of a leasehold interest was condemned and in the instant case it is the taking of the fee and as has been indicated in the statement of the dissenting opinion the case stands at least for the proposition in the condemnation of a fee, moving expenses are not to be taken into consideration.

With respect to the refusal of the court to permit the introduction of evidence showing the amount of real estate taxes owing the City of Philadelphia for the year 1943, there can be little doubt. The contention of the plaintiff is that the market value on April 1, 1943, of the premises was increased because of its liability for taxes for the entire taxable year. The taxes themselves were not paid at the time the property was taken on April 1, 1943, but were paid subsequently by the plaintiff on May 28, 1943. The test for market value is what a willing purchaser will pay to a willing seller and taxes have never been considered in anywise affecting the market value in a transfer since, when a price is determined upon, the taxes are apportioned between the parties, the owner bearing the expense up to the date of transfer, and the purchaser being charged with the balance of the taxable year. It seems to me therefore that the question of taxes has no place whatsoever in the determination of market value. The mere fact that the taxes were owing at the time of the taking in nowise diminishes the value of the property as market value is determined to be the value clear and free of all encumbrances. A willing purchaser of property in determining what he will pay to a willing seller does not concern himself with liens or taxes in the determination of what he is willing to pay for the property clear of encumbrances.

The motion for a new trial is denied.